IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRAD REGER,<br><br>        Plaintiff,<br>    v.<br><br>PATRICK SMITH, SIERRA MEDICAL<br>SERVICES ALLIANCE, AND REMSA<br><br>        Defendants. | 2:05-cv-2156-GEB-GGH<br><br>STATUS (PRETRIAL<br>SCHEDULING) ORDER |

The status (pretrial scheduling) conference scheduled in this case for January 23, 2006 is vacated since the joint status report (JSR) submitted by the parties indicates that the following Order should issue.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

All defendants have been served and no further service is permitted, except with leave of Court, good cause having been shown.

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

or

1                          DISCOVERY

2          No modifications of the discovery requirements in the

3  Federal Rules is ordered.

4          (a)  All discovery shall be completed by October 11, 2006.

5  In this context, "completed" means that all discovery shall have been

6  conducted so that all depositions have been taken and any disputes

7  relative to discovery shall have been resolved by appropriate orders,

8  if necessary, and, where discovery has been ordered, the order has

9  been complied with or, alternatively, the time allowed for such

10 compliance shall have expired.[1]

11         (b)  Each party shall comply with Federal Rule of Civil

12 Procedure 26(a)(2)'s initial expert witness disclosure and report

13 requirements on or before May 11, 2006, and with the rebuttal expert

14 disclosures authorized under the Rule on or before June 16, 2006.

15

16                    MOTION HEARING SCHEDULE

17         The last hearing date for motions shall be December 11,

18 2006, at 9:00 a.m.[2]

19         Motions shall be filed in accordance with Local Rule 78-

20 230(b).  Opposition papers shall be filed in accordance with Local

21 Rule 78-230(c).  Failure to comply with this local rule may be deemed

22

23         [1]   The parties are advised that the Magistrate Judges in the
   Eastern District are responsible for resolving discovery disputes.  See
24 Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all
   discovery-related matters to the Magistrate Judge assigned to this case.
25 A party conducting discovery near the discovery "completion" date runs
   the risk of losing the opportunity to have a jurist resolve discovery
26 motions pursuant to the Local Rules.

27         [2]   This time deadline does not apply to motions for continuances,
28 temporary restraining orders, emergency applications, or motions under
   Rule 16(e) of the Federal Rules of Civil Procedure.

                              2

consent to the motion and the Court may dispose of the motion
summarily.  Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).
Further, failure to timely oppose a summary judgment motion may result
in the granting of that motion if the movant shifts the burden to the
nonmovant to demonstrate a genuine issue of material fact remains for
trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a
motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence
that could not reasonably have been discovered prior to the filing of
the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision
was manifestly unjust; or

(3)  There is an intervening change in controlling law.
A motion for reconsideration based on newly discovered evidence shall
set forth, in detail, the reason why said evidence could not
reasonably have been discovered prior to the filing of the party's
motion or opposition papers.  Motions for reconsideration shall comply
with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion
characterized as a motion in limine may be summarily denied.  A motion
in limine addresses the admissibility of evidence.


FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for February 26, 2007
at 1:30 p.m.  The parties are cautioned that the lead attorney who
WILL TRY THE CASE for each party shall attend the final pretrial

conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trialworthy issues could be eliminated sua sponte "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[3]  The joint pretrial statement shall specify the issues for trial.  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial. Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared

---

[3]     The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283
(D.D.C. 1995) (refusing to modify the pretrial order to allow
assertion of a previously-pled statute of limitations defense);
Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)
(indicating that "[a]ny factual contention, legal contention, any
claim for relief or defense in whole or in part, or affirmative matter
not set forth in [the pretrial statement] shall be deemed . . .
withdrawn, notwithstanding the contentions of any pleadings or other
papers previously filed [in the action]").

        If possible, at the time of filing the joint pretrial
statement counsel shall also email it in a format compatible with
WordPerfect to: geborders@caed.uscourts.gov.


                              TRIAL SETTING

        Trial is set for May 30, 2007, commencing at 9:00 a.m.


                              MISCELLANEOUS

        The parties are reminded that pursuant to Federal Rule of
Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall
not be modified except by leave of Court upon a showing of good cause.
Counsel are cautioned that a mere stipulation by itself to change
dates does not constitute good cause.**

        IT IS SO ORDERED.
Dated:  January 11, 2006


                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge