IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
BRAD REGER,                          )     02:05-cv-2156-GEB-GGH
                                     )
            Plaintiff,               )
                                     )
       v.                            )     ORDER*
                                     )
PATRICK SMITH; SIERRA MEDICAL        )
SERVICES ALLIANCE d/b/a/ SEMSA,      )
REMESA, and DOES 1-50,               )
                                     )
            Defendants.              )
_____)
```

On January 20, 2006, Defendants filed a motion to strike Plaintiff's Complaint under California Code of Civil Procedure § 425.16 ("Section 425.16"), arguing Plaintiff cannot establish certain elements of his libel claim. On February 10, 2006, Plaintiff filed a motion to continue the hearing on the motion to strike, arguing he needs additional time to conduct discovery to respond to Defendants' motion. (Pl.'s Mot. to Continue at 1.) On February 17, 2006, Defendants filed an Opposition, arguing that continuing the hearing to conduct discovery would defeat the purpose of Section 425.16. (Defs.' Opp'n to Mot. to Continue at 6-7.)

---

* This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1          Section 425.16 "was enacted to allow early dismissal of
2    meritless first amendment cases aimed at chilling expression through
3    costly, time-consuming litigation.  Under the statute, a civil
4    defendant may move to strike a cause of action based on an 'act in
5    furtherance of the right to petition or free speech.'"  Metabolife
6    Int'l Inc. v. Wornick, 264 F.3d 832, 839-40 (9th Cir. 2001).  A motion
7    to strike under Section 425.16 has several unique procedural
8    components:

>    Subsection 425.16(f) provides that [a motion to
>    strike] may be filed within sixty days of the
>    filing of the complaint or, at the court's
>    discretion, at any later date.  Subsection
>    425.16(g) provides that the filing of [a motion to
>    strike] automatically stays all further discovery
>    until the court rules on the motion.  However,
>    "the court, on noticed motion and for good cause
>    shown, may order that specified discovery be
>    conducted notwithstanding this subdivision."
>    § 425.16(g).  Together, these two subsections
>    create a default rule that allows the defendant
>    served with a complaint to immediately put the
>    plaintiff to his or her proof before the plaintiff
>    can conduct discovery.

17   Id. at 846.  Therefore, "Section 425.16 limits discovery and makes
18   further discovery an exception, rather than the rule."  Id.  However,
19   the Ninth Circuit has held that "the discovery-limiting aspects" of
20   subsections 425.16(f) and (g) do not apply in federal court because
21   these subsections "collide" with Federal Rule of Civil Procedure 56.
22   Id. (citing Rogers v. Home Shopping Network, Inc., 57 F. Supp. 2d 973,
23   980-84 (C.D. Cal. 1999).

24          Plaintiff requests the opportunity to conduct discovery on
25   two issues raised by the motion to strike, specifically, (1) the
26   falsity of the alleged defamatory statement, and (2) whether
27   Defendants acted with malice.  (Pl.'s Reply at 1.)  Plaintiff will be
28   granted the opportunity to conduct this discovery before hearing on

1 the motion to strike.  <u>Metabolife</u>, 264 F.3d at 846 (trial court
2 correctly determined it should not analyze the issue of malice because
3 the plaintiff had not yet had an opportunity to conduct discovery on
4 the issue); <u>Rogers</u>, 57 F. Supp. 2d at 982 (motion to continue granted
5 because the plaintiff needed to conduct discovery as to information
6 within the control of the defendants).  Therefore, Plaintiff's motion
7 to continue the hearing on Defendants' motion to strike is granted.

8 The remaining issue is how long of a continuance should be
9 granted so Plaintiff has sufficient opportunity to conduct discovery.
10 Plaintiff asserts approximately one hundred and twenty days is needed
11 to conduct discovery, and suggests the motion to strike be heard in
12 late June 2006.  (Pl.'s Mot. to Continue at 4.)  Defendants state
13 "[i]f the Court does grant a continuance, Defendants request that the
14 hearing date be set in the latter part of June 2006."  (Def.'s Opp'n
15 to Mot. to Continue at 6-7.)  Therefore, the motion to strike is
16 rescheduled for hearing at 9:00 a.m. on June 26, 2006.

17 IT IS SO ORDERED.
18 Dated:  February 23, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge