IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

BRAD REGER,                                  )   02:05-cv-2156-GEB-GGH
                                             )
         Plaintiff,                          )
                                             )
    v.                                       )   ORDER[*]
                                             )
PATRICK SMITH; SIERRA MEDICAL                )
SERVICES ALLIANCE d/b/a/ SEMSA;              )
REMSA,                                       )
                                             )
                                             )
         Defendants.[1]                      )
_____ )

Defendants move to strike Plaintiff's libel claim under California's Anti-Strategic Lawsuits Against Public Participation statute ("anti-SLAPP statute") and move for an award of $34,902.67 in attorney fees and costs incurred from bringing the motion.[2] (Defs.' Mot. at 11; Defs.' Reply at 10.)  Plaintiff opposes the motion, and

----

[*] This motion was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

[1] Since the Status Order filed January 12, 2006, states "[n]o further joinder of parties or amendments to pleadings is permitted[,]" the caption has been modified to reflect the dismissal of Doe Defendants 1-50.  (Status Report at 1.)

[2] "[D]efendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorney fees and costs when they prevail."  Verizon Delaware, Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004).

1

requests an unspecified amount of attorney fees and costs "to be determined at a later date." (Pl.'s Opp'n at 18.)

BACKGROUND

For approximately twenty years, Plaintiff Brad Reger ("Plaintiff") served as the principal of Lassen Ambulance, a ground ambulance service provider in Lassen County, California. (Pl.'s Compl. ¶¶ 9, 15.) However, in early December 2004, Plaintiff ceased business operations and closed Lassen Ambulance, leaving only one ground ambulance company to provide ambulance service to the residents of Lassen County. (Id. ¶ 13.)

In response to the closure, the Board of Supervisors of Lassen County ("the Board of Supervisors") declared a "state of emergency" and hired Defendants Regional Emergency Medical Services Association ("REMSA") and Sierra Medical Services Alliance ("SEMSA") to provide ground ambulance service on a temporary basis.[3] (Smith Decl. ¶¶ 1-5.) The Board of Supervisors subsequently issued a "Request for Proposal" ("RFP"), which sought bids from interested ambulance companies to become the long-term exclusive provider of ground ambulance service in Lassen County. (Pl.'s Compl. ¶¶ 12-13; Smith Decl. ¶ 15.) The RFP required ambulance service providers to submit a proposal that addressed, among other things, past problems with the provision of ground ambulance service in Lassen County. (Smith Decl. ¶ 15.) However, the RFP did not specifically request that ambulance service providers address the issue of non-emergency

---

[3] "REMSA is a non-profit company that was originally organized by Washoe County, Nevada, and cities within Washoe County, to oversee and provide ambulance services in Washoe County. SEMSA is a separate non profit company set up to do medical transportation business outside of the franchise requirements in Washoe, Neveda." (Smith Decl. ¶ 1.)

2

1  ambulance transportation from Banner Lassen, the local hospital, to
2  nursing homes.  (Smith Dep. Vol. II at 33:8-35:3.)
3       In response to the RFP, the President and Chief Executive
4  Officer of SEMSA and REMSA, Defendant Patrick Smith, submitted a
5  proposal on behalf of the companies.  (Smith Decl. ¶¶ 1, 15.)  In a
6  cover letter attached to the proposal, Defendant Smith discussed what
7  he perceived to be past problems with the ambulance service in Lassen
8  County and what REMSA and SEMSA had done to address these problems
9  while providing temporary ambulance service for the county.  (Id.
10 ¶ 15; Defs.' Ex. 8, at 1.)  Specifically, the cover letter stated:

> We have transferred patients from Banner Lassen back to the local nursing home or their residences.  Apparently, the previous provider declined to do this because of low reimbursement potential, but it's still the right thing to do for these patients and we consider it to be our job as EMS professionals.  We have had many people thank us for responding to this need.  No thanks are necessary, it's the right thing to do!

16 (Pl.'s Compl. ¶ 19; Defs.' Ex. 8 at 1.)  Based on this statement,
17 Plaintiff filed this action against Defendants, asserting a single
18 "libel per se" claim.  (Pl.'s Compl. ¶¶ 17-25.)

## DISCUSSION

"The anti-SLAPP statute was enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation."  Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 839-40 (9th Cir. 2001).  Under the statute, a defendant may move to strike any claim that arises from an act in furtherance of the right to petition or free speech under the United States or California Constitution.  Id.; Bosley Medical Institute, Inc. v. Kremer, 403 F.3d 672, 682 (9th Cir. 2005).

When a defendant files a motion to strike, the court engages in "a two-step process" to determine whether the motion should be granted. Equilon Enter. v. Consumer Cause, Inc., 29 Cal.4th 53, 67 (2002). First, the court determines whether the defendants have "made a threshold showing that the challenged cause[] of action arise[s] from protected activity, i.e. activity by defendants in furtherance of their constitutional right of petition or free speech." Mann v. Quality Old Time Service, Inc., 120 Cal. App. 4th 90, 102 (2004); Equilon, 29 Cal.4th at 67. "To determine whether [the] defendant[s] ha[ve] met . . . [this] burden, [the court] consider[s] the pleadings and any supporting and opposing affidavits stating facts upon which the liability is based." Mann, 120 Cal. App. 4th at 102.

"If the challenged cause[] of action arise[s] from protected activity, the court must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim." Id.; Equilon, 29 Cal.4th at 67. "To establish a probability of prevailing, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Soukup v. Law Offices of Herbert Hafif, __ Cal. 4th __, 2006 WL 2075700, *17 (July 27, 2006) (citations and quotation marks omitted). For purposes of this inquiry, the court considers the pleadings and evidentiary submissions of the plaintiff and the defendants; however, the court cannot consider inadmissible evidence or "weigh the credibility or comparative probative strength of competing evidence . . . ."[4]  Id.; Mann, 120 Cal. App. 4th at 105.

---

[4] Plaintiff argues seven exhibits Defendants submitted in
(continued...)

4

The court may grant a motion to strike only if the plaintiff fails to make a prima facie showing of facts that would support a favorable judgment or if the evidence submitted by the defendants defeats the plaintiff's prima facie showing as a matter of law.  Mann, 120 Cal. App. 4th at 105-06; Soukup, __ Cal. 4th __, 2006 WL 2075700, at *17.

A.   Protected Activity

Defendants argue Plaintiff's libel claim arises from protected activity because the statement in their proposal "was made in connection with an issue under consideration" by the Board of Supervisors.  (Defs.' Mot. at 7.)  Specifically, Defendants contend the Board of Supervisors invited ambulance service companies to submit proposals to become the exclusive provider of ground ambulance service, and that Defendants submitted a proposal "in connection with . . . the issue of which entity . . . [the Board should] select to provide ambulance service in the future."  (Id.)  Defendants argue "[t]his issue naturally encompassed comment[s] on past problems . . . [because] several requirements in the RFP focused on past problems experienced in connection with the provision of ambulance services . . . [in Lassen County]."  (Id.)

---

[4](...continued)
support of their motion have not been properly authenticated. (Pl.'s Evidentiary Objections at 4-5.) Defendants have not addressed this objection nor demonstrated their exhibits are authentic. Consequently, the exhibits have not been considered.
     Plaintiff also argues the deposition transcripts Defendants submitted with their motion are not admissible because "they have not been filed with the reporter's certification." (Pl.'s Evidentiary Objections at 7.) However, Plaintiff filed the same deposition transcripts with the reporter's certification and Defendants re-filed the transcripts with the certification attached. Therefore, the objection is overruled.
     All of Plaintiff's remaining evidentiary objections need not be reached because resolution of this motion does not require examination of the contested evidence.

1          Under the anti-SLAPP statute, protected activity includes
2   "'any written or oral statement or writing made in connection with an
3   issue under consideration or review by a legislative, executive, or
4   judicial body, or any other official proceeding authorized by law,'"
5   regardless of whether the statement concerned an issue of public
6   interest. Briggs v. Eden Council for Hope & Opportunity, 19 Cal.4th
7   1106, 1112, 1123 (1999) (quoting Cal. Code Civ. Pro. § 425.16(e)(2));
8   Mann, 120 Cal. App. 4th at 103. Official proceedings authorized by
9   law include, but are not limited to, proceedings before governmental
10  entities. See Kibler v. Northern Inyo County Local Hosp. Dist.,
11  __ Cal. 4th __, 2006 WL 2022176, *7 (July 20, 2006).

12          Defendants have demonstrated the statement in their proposal
13  was submitted to a governmental entity, the Board of Supervisors, in
14  connection with an issue under their consideration, namely, which
15  ambulance service company they should select to become the permanent,
16  exclusive provider of ground ambulance service in Lassen County. (See
17  Smith Decl. ¶¶ 15-16.) Although the statement concerned
18  transportation from the local hospital to nursing homes, an issue
19  Defendants were not specifically required to address in their
20  proposal, the statement had a sufficient connection to the issue under
21  consideration since the Board of Supervisors required proposals to
22  address "past problems" with ground ambulance service in Lassen
23  County. (See id. ¶ 15.) Therefore, Defendants have made a threshold
24  showing that Plaintiff's libel claim arises from protected activity;
25  consequently, Plaintiff must demonstrate a probability of prevailing
26  on his libel claim.

27
28

6

B.  Probability of Prevailing

Defendants argue Plaintiff should be considered "a limited purpose public figure" who must prove actual malice in order to prevail on his libel claim. (Defs.' Mot. at 9-10.) When determining if a plaintiff has demonstrated a probability of prevailing on a libel claim, "courts must take into account whether the plaintiff is a [limited purpose] public figure who must prove actual malice by clear and convincing evidence." Annette F. v. Sharon S., 119 Cal. App. 4th 1146, 1164, 1170 (2004). "To characterize a plaintiff as a limited purpose public figure . . . there [must have been] a public controversy" and the plaintiff "must ordinarily 'have undertaken some voluntary act though which he seeks to influence the resolution of the public issues involved." Id. at 1163 (citations and quotation marks omitted). Furthermore, to accord the plaintiff limited purpose public figure status, "the allegedly defamatory communication [must have] relate[d] to his role in [the] public controversy." Id. at 1163.

Defendants argue "there was a public controversy over the provision of ambulance service in Lassen County" and "Plaintiff . . . created this public controversy by broadcasting the financial concerns he had over operating Lassen Ambulance and by abruptly withdrawing the service of Lassen Ambulance, creating a crisis in the county." (Defs.' Mot. at 9.) Defendants also contend the allegedly defamatory statement in the proposal "relates directly to the provision of [ambulance] services, and to issues that had arisen and were of concern to the community." (Id.) Plaintiff rejoins that the allegedly defamatory statement does not concern "the much broader issue of providing [ambulance] services in Lassen County in general," but rather "relates to providing non-emergency taxi rides to private

7

citizens from a private hospital to a private nursing home." (Pl.'s Opp'n at 16.)

The closure of Lassen Ambulance attracted public attention apparently due to concerns that only one ground ambulance company would continue to provide emergency ambulance service in Lassen County. (Reger Dep. at 84:13-95:15; Pl.'s Compl. ¶ 13.) Since the potential lack of sufficient emergency ambulance service created public debate and had foreseeable consequences for the community, a public controversy existed on this issue. See Annette F., 119 Cal. App. 4th at 1163 (stating a public controversy "mean[s] a dispute that in fact has received pubic attention . . . was being debated publically and . . . had foreseeable and substantial ramifications for nonparticipants"). Notwithstanding this public controversy, Plaintiff never "undertook some voluntary act though which he [sought] to influence the resolution of the public issue[] . . . ." Id. at 1163. Although Plaintiff spoke publically about the financial difficulties Lassen Ambulance had experienced and authored a press release informing the community of the closure, Plaintiff never attempted to resolve how Lassen County would provide adequate emergency ambulance service after Lassen Ambulance ceased business operations. (See Reger Dep. at 84:13-95:15)

In addition, the allegedly defamatory statement did not relate to the public controversy surrounding the closure of Lassen Ambulance or the potential lack of emergency ambulance service in Lassen County. See Copp v. Paxton, 45 Cal. App. 4th 829, 846 (1996) (stating "the alleged defamation must have been germane to the plaintiff's participation in the controversy"). Rather, the alleged defamatory statement, which was published after Lassen County resolved

the public controversy by hiring Defendants to provide temporary emergency ambulance service, concerned the provision of non-emergency transportation from the local hospitals to nursing homes. (Pl.'s Compl. ¶ 19; Smith Decl. ¶¶ 2-4.) Consequently, Plaintiff cannot be considered a limited purpose public figure who must prove actual malice to prevail.

Therefore, for Plaintiff to demonstrate a probability of prevailing on his libel per se claim, he need only make a prima facie showing that Defendants published a false, defamatory statement of fact concerning Plaintiff. See e.g. Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (1999); 5 Witkin, Summary of Cal. Law, Torts, § 529 at 782. Plaintiff asserts the statement was false because Lassen Ambulance "transport[ed] nursing home patients from the Hospital to the Nursing Home [during the day] regardless of whether the service would be reimbursed," and refused to do so at night only "because it was potentially detrimental to the health of the patient and to protect crew rest." (Pl.'s Opp'n at 5; Reger Dep. at 134:15-137:14.) Plaintiff alleges the statement was defamatory because it "impugned him in his business by expressly stating that he did not do 'the right thing' and was motivated to do so because of the prospect of minimal financial gain." (Pl.'s Compl. ¶ 15.) Plaintiff further contends the "audience that received the proposal clearly understood that . . . Defendants' reference to the 'previous provider' was of and concerning . . . Plaintiff, Brad Reger, as he had been the principal 'previous provider,' Lassen Ambulance, for more than twenty years in a small and close knit community." (Pl.'s Compl. ¶ 15; Pl.'s Opp'n at 4; Reger Dep. 32:10 & 110:17-23.) Consequently, Plaintiff has satisfied his

burden of demonstrating a probability of prevailing on his libel claim; thus, the motion to strike is denied.[5]

C. Attorney Fees

Plaintiff argues he is entitled to an unspecified sum of attorney fees and "requests that the Court entered an order entitling Plaintiff to reasonable attorney fees and costs to be determined at a later date." (Pl.'s Opp'n at 18.) Plaintiff asserts he is entitled to attorney fees under the anti-SLAPP statute because Defendants' Motion to Strike was "supported by a fraudulent declaration" and because "Defendants' counsel obstructed the discovery process with inappropriate speaking objections and instructions not to answer questions." (Pl.'s Opp'n at 17.) Since neither of these reasons justify an award of attorney fees under the anti-SLAPP statute, Plaintiff's request for attorney fees is denied. See Cal. Code Civ. Pro. § 425.16(c) (stating that a prevailing plaintiff may recover attorney fees only if "the motion to strike [was] frivolous" or "solely intended to cause unnecessary delay").

/////
/////
/////
/////
/////
/////

---

[5] In their Reply brief, Defendants assert in a conclusory fashion that the statement in the proposal was "an opinion on the part of the author" and that a "statement which is merely an opinion is not libel." (Defs.' Reply at 3.) However, there is no "wholesale defamation exemption for anything that might be labeled 'opinion'" and "a false assertion of fact could be libelous even though couched in terms of opinion." Rodriguez v. Panayiotou, 314 F.3d 979, 985 (9th Cir. 2002).

10

CONCLUSION

For the stated reasons, Defendants' Motion to Strike is denied and Plaintiff's request for attorney fees is denied.

IT IS SO ORDERED.

Dated: August 21, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge