IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRAD REGER,  )
                                                    )   2:05-cv-2156-GEB-GGH
                Plaintiff,   )
                                  )
                v.   )   ORDER[*]
                                  )
PATRICK SMITH; SIERRA MEDICAL   )
SERVICES ALLIANCE d/b/a SEMSA;   )
REMSA,   )
                                  )
                Defendants.   )
_____ )

        Plaintiff moves for summary judgment.[1]  Defendants oppose the motion.  For the following reasons, the motion will be denied.[2]

///

///

///

---

[*] This case was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

[1] Although Plaintiff states he also moves for summary adjudication, he has not specified discrete liability issues.

[2] Plaintiff objects to particular evidence filed in opposition to the motion.  However, these evidentiary objections need not be decided because the disputed evidence is not pertinent to the issues decided herein.

1

BACKGROUND

For approximately twenty years, Plaintiff served as the principal of Lassen Ambulance, a ground ambulance service provider in Lassen County, California. (Pl.'s Statement of Undisputed Facts ¶ 1.) Lassen Ambulance was the primary provider of ground ambulance services in Lassen County. (Pl.'s Mot. at 1.) In early December 2004, Plaintiff ceased business operations and closed Lassen Ambulance. (Id.) In response, the County sought bids from ambulance companies interested in becoming the exclusive provider of ground ambulance service in Lassen County. (Id.) Defendants prepared a bid and included the following statement in their cover letter:

> We have transferred patients from Banner Lassen back to the local nursing home or their residences. Apparently, the previous provider declined to do this because of low reimbursement potential, but it's still the right thing to do for these patients and we consider it to be our job as EMS professionals. We have had many people thank us for responding to this need. No thanks are necessary, it's the right thing to do!

(Pl.'s Mot. at 2.) Based on this statement, Plaintiff filed this action asserting a single "libel per se" claim against Defendants. (Id.)

DISCUSSION[3]

Plaintiff argues that to prevail on his libel claim, he is only required to prove that Defendants published a false, defamatory statement of fact concerning Plaintiff, and that all these elements are met. (Pl.'s Mot. at 8, 9.) The tort of "[d]efamation [concerns] an invasion of the interest in reputation," and "involves the intentional publication of a statement of fact that is false,

---

[3] The standards for summary judgment are well known and need not be repeated here.

2

unprivileged, and has a natural tendency to injure or which causes special damages." Smith v. Maldondo, 72 Cal. App. 4th 637, 645 (1999). If an alleged defamatory statement "'is capable of two meanings, one of which is harmless and the other libelous, and it is alleged that the same was used and understood as conveying the latter meaning, a cause of action is stated, and it is the province of the jury to determine in which sense the language was . . . understood by the readers of the [publication].'" Arno v. Stewart, 245 Cal. App. 2d 955, 960 (1966) (internal citation omitted). "To discern whether a statement has a defamatory meaning, we interpret it from the standpoint of the average reader, judging the statement not in isolation, but within the context in which it is made." Norse v. Henry Holt and Co., 991 F.2d 563, 567 (9th Cir. 1993).

Plaintiff argues that "[t]he statement is obviously defamatory as it expressly states that the Plaintiff did not do [his job] because of the prospect of minimal financial gain and no other reason." (Pl.'s Mot. at 2.) Defendants respond that the statement has at least two meanings and "thus it is for the jury to determine whether the comment was used in a defamatory sense." (Defs.' Opp'n at 12.) Plaintiff counters that "[t]he statement on its face defames the Plaintiff in its business and does not include words that have dual meaning to the average reader." (Pl.'s Reply at 4.) Plaintiff explains that "the crux of the defamatory statement is the false accusation that the Plaintiff failed to transfer patients because of 'low reimbursement potential.'"[4] (Id. at 2.)

---

[4] Plaintiff states in his Reply Brief that "[f]or purposes of this Motion, Plaintiff does not challenge whether providing the rides are or are not the 'right thing to do.'" (Reply at 2, 3.) Therefore, (continued...)

1   The portion of the statement at issue could be reasonably
2 interpreted to mean that the referenced low reimbursement potential
3 was a legitimate business reason for not providing the transportation;
4 even Plaintiff admits that "in any business you have to be concerned
5 about reimbursement potential." (Conal Doyle Decl., Ex. C.)
6 Alternatively, as Plaintiff argues, a reader could interpret the
7 statement as an implication that Plaintiff was "unethical." (<u>See</u>
8 Pl.'s Mot. at 10 (stating that the "statement . . . implies that the
9 Plaintiff was unethical and chose profit over service").)
10 Accordingly, Plaintiff's motion for summary judgment is denied.

Dated: December 8, 2006

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[4](...continued)
this portion of the statement is not considered in deciding
Plaintiff's motion.

4