IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRAD REGER, | ) | 02:05-cv-2156-GEB-GGH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>FINAL PRETRIAL ORDER</u> |
| | ) | |
| PATRICK SMITH; SIERRA MEDICAL | ) | |
| SERVICES ALLIANCE d/b/a/ SEMSA; | ) | |
| REMSA, | ) | |
| | ) | |
| | ) | |
| Defendants.* | ) | |
| | ) | |

The final pretrial conference scheduled for February 26, 2007, is vacated since the parties' Joint Pretrial Statement ("JPS") indicates this Final Pretrial Order should issue.

I.   <u>DISMISSAL OF DOE DEFENDANTS</u>

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 through 50 are dismissed.  <u>See</u> Order Setting Status (Pretrial Scheduling) Conference filed October 26, 2005, at 2 n.2 (indicating that if Plaintiff failed to set forth in the Joint Status Report a date by when the identities of any "Doe" defendants were expected to be discovered, the claims

_____

*      The caption has been amended according to the <u>Dismissal of Doe Defendants</u> portion of this Order.

1

against Doe defendants would be deemed abandoned and a dismissal order would follow).

## II.   <u>JURY/NON-JURY</u>

All issues shall be tried to a jury.

## III.   <u>UNDISPUTED FACTS</u>[2]

This section contains facts which will become a part of the evidentiary record.  The parties shall incorporate them into a preliminary jury instruction which will be read to the jury prior to opening statements.[3]

Defendants SIERRA MEDICAL SERVICES ALLIANCE **(hereinafter referenced as** "SEMSA"), and REGIONAL EMERGENCY MEDICAL SERVICES ASSOCIATION (**hereinafter referenced as** "REMSA"), are non-profit corporations with offices in Reno, Nevada, which provide ambulance services in California and Nevada.  Defendant PATRICK SMITH ("SMITH") is, and was at all relevant times, the president and CEO of both SEMSA and REMSA.

~~The~~ Plaintiff is a long time resident of Lassen County, California (since 1967) and was the principal of Lassen Ambulance for more than twenty years when that company went out of business in December 2004.  Lassen Ambulance was the primary provider of

---

[2]   Minor edits were made to make the undisputed facts more understandable to jurors.  These edits are reflected in bold font.

[3]   The parties have leave to include other undisputed facts into the instruction and may make the facts read in a narrative form if they desire.  As the preamble to this instruction the parties could have the following language:

Before the trial, the attorneys for the parties agreed that the following facts are true.  By this procedure, it is often possible to shorten the length of the trial.  Therefore, in accordance with the agreement of the parties, you are required to treat these facts as having been proved:

ground ambulance services in Lassen County prior to December 2004. ~~The~~ Plaintiff was and still is one of the principals of Mountain Life Flight, which provides air ambulance services to Lassen County.

In mid 2004, issues arose in the community concerning the provision of ambulance services.  Specifically, Lassen Ambulance faced increased operating costs, which Brad Reger brought to the attention of Lassen County officials.  The issues relating to the provision of ambulance services was a topic of discussion at meetings of the Lassen County Board of Supervisors as well as the Susanville City Council, in the summer and fall of 2004.  One of the issues that was raised  between Mr. Reger and representatives from the Hospital and Nursing Home, was the issue of transfers of nursing home patients from Banner Lassen Hospital, when those patients had been treated at that facility, back to their nursing homes.

In early December 2004, Lassen Ambulance completely ceased operations.

After Lassen Ambulance ceased its operations, a State of Emergency was declared by County officials. REMSA was then retained by Lassen County, and began providing emergency ambulance services.

In early 2005, Lassen County issued a Request for Proposal ~~("RFP")~~, for an Exclusive Operating Area ~~("EOA")~~ for the provision of emergency ambulance services in Lassen County. Pursuant to the ~~RFP~~ **Request for Proposal**, PATRICK SMITH, on behalf of SEMSA, submitted a proposal.  With the proposal he submitted a cover letter.  On page one of that cover letter, he made the comment that plaintiff claims is defamatory:

"We have transferred patients from Banner
Lassen back to the local nursing home where
their residence is.  Apparently, the previous
provider declined to do this because of the low
reimbursement potential, but it's still the
right thing to do for these patients and we
consider it to be our job as EMS professionals.
We have had many people thank us for responding
to this need. No thanks are necessary; it's the
right thing to do!"

## IV.   DISPUTED FACTUAL ISSUES

1.   Whether the statement was false.

2.   Whether the statement was defamatory.

3.   Whether the statement was privileged under California Civil Code section 47(c).

4.   Whether the statement has a natural tendency to inure or cause special damages.

5.   Whether any defendants acted with malice.

6.   Whether Plaintiff suffered damages.

## V.   RELIEF SOUGHT

Plaintiff is seeking presumed, compensatory, and punitive damages, and any other relief the Court deems just.

## VI.   POINTS OF LAW[4]

A.   The Final Pretrial Order supersedes the pleadings and controls the facts and claims which may be presented at trial. Any legal theory of relief or affirmative defense asserted in the

---

[4]   The parties dispute whether the ruling issued on August 21, 2006 found that Plaintiff is not a public figure.  The ruling states: "Plaintiff cannot be considered a limited purpose public figure who must prove actual malice to prevail."  Therefore, this issue has not been stated herein as a point of law.

Further, Plaintiff's objection that Defendants have included in the JPS privileges that were not preserved for trial in their answer is sustained.  Therefore, those privileges have not been included herein.

pleadings but not preserved for trial in this section of the Final Pretrial Order cannot be raised during the trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action.").

B.  The following issues are preserved for trial provided jury instructions are submitted as required by Section XIV of this Order:

Plaintiff identifies the following legal issues:

1.  Whether Plaintiff can establish the elements of libel by proving that Defendants published a false, defamatory statement of fact concerning Plaintiff.

2.  Whether Plaintiff can establish that Defendants acted with actual malice and is thus entitled to presumed damages as a matter of law.

3.  Whether the Statement is libel per se and defamatory on its face.

Defendant identifies the following legal issues:

1.  Whether Plaintiff can carry his burden of proof in establishing the elements of libel, which require a showing that the statement in issue was false, defamatory, unprivileged, and has a natural tendency to inure or cause special damage.

2.  Whether the statement in issue was non-libelous opinion.

3.  Whether the statement falls within the privilege for a communication made without malice to an interested person, under California Civil Code section 47(c).

4.  Whether the statement constitutes libel per quod, requiring proof of special damages.

C.   In addition to the matters set forth in Local Rule 16-285, the parties shall brief the following points of law in their trial briefs.

(1)   The elements, standards, and burdens of proof as to each of Plaintiff's causes of action, including citations of authority in support thereof.

(2)   The elements, standards, and burdens of proof as to each of Defendant's defenses, including citations of authority in support thereof.

Notwithstanding Local Rule 16-285, trial briefs shall be filed with the Court no later than <u>twenty (20) court days prior to the date of trial</u>.  All legal positions briefed in the trial brief shall be supported with case and applicable statutory authority. <u>See</u> Local Rule 16-285.  If separate or partial separate trial briefs are submitted, responding briefs, if any, shall be filed with the Court no later than five (5) court days prior to trial. **The trial brief(s) must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof."  Local Rule 16-285(a)(3).**

VII.   <u>ABANDONED ISSUES</u>

Defendants abandoned certain affirmative defenses in section 8 of the JPS.

///

///

///

///

///

VIII.   <u>WITNESSES</u>[5]

A.   Plaintiff anticipates calling the witnesses in section 9 of the JPS.  The witnesses referenced in numbers 33 and 34 are excluded from Plaintiff's list because they have not been identified with the specificity required by Local Rule 16-281(b)(10).

B.   Defendants anticipate calling the witnesses listed on Defendants' list of witnesses in section 9 of the JPS.

C.   Each party may call a witness designated by the other.

D.   No person, other than those named on these witness lists, will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "E", below.

E.   If a witness is discovered after the pretrial conference, counsel for the party offering the witness shall promptly inform the Court and opposing parties of the existence of the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify.  The witness will be not be permitted to testify unless:

---

[5]    This portion of the Order does not affect the parties' obligations to timely comply with witness disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

1        (1) The witness could not reasonably have been
2  discovered prior to pretrial;

3        (2) The Court and opposing counsel were promptly
4  notified upon discovery of the witness;

5        (3) If time permitted, counsel offered the witness
6  for deposition; and

7        (4) If time did not permit, a reasonable summary of
8  the witness' testimony was provided to opposing counsel.

9                        IX.  EXHIBITS[6]

10       A.  Plaintiff anticipates offering the exhibits listed on
11 Plaintiff's list of exhibits in section 10 of the JPS.

12       B.  Defendants anticipate offering the exhibits listed on
13 Defendants' list of exhibits in section 10 of the JPS.

14       C.  No other exhibits will be permitted to be introduced
15 unless:

16       (1) The party seeking to use the unlisted exhibit
17 demonstrates that the exhibit is being used to rebut evidence which
18 could not reasonably have been anticipated at the pretrial
19 conference; or

20       (2) The unlisted exhibit was discovered after the
21 pretrial conference and the offering party makes the showing
22 required in paragraph "D", below.

23       D.  Any party proposing to introduce an exhibit which was
24 discovered after the pretrial conference shall promptly notify the
25 Court and opposing counsel of the existence of such exhibit.  The

26 _____

27       [6]   This portion of the Order does not affect the parties'
obligations to timely comply with disclosure requirements provided
28 in the Federal Rules of Civil Procedure, the Local Rules, or by
Order of this Court.

Court will not permit any such exhibit to be introduced unless it finds:

>    (1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

>    (2) The Court and counsel were promptly informed of the exhibit's existence; and

>    (3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

E.  Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendants' exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, at least twenty (20) court days prior to trial, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[7]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections.

[7]    The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

9

1 A party seeking to admit into evidence an exhibit to which no
2 objection was made must identify said exhibit for the record and
3 then move it into evidence.

4       Counsel shall produce all exhibits to the Clerk's Office
5 on the Friday before the before trial date, no later than 4:00 p.m.
6 At that time, the parties shall also furnish the Court with a copy
7 of each exhibit, unless the exhibit is physically incapable of
8 being reproduced.  Failure to produce exhibits as ordered could
9 result in waiver of the right to offer those exhibits.  Each party
10 submitting exhibits shall furnish a list to the Court, the
11 courtroom deputy and opposing counsel itemizing the exhibits.

12       X.  FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS
13       A.   It is the duty of counsel to ensure that any
14 depositions which are to be used at trial for any purpose shall
15 have been filed with the clerk, and counsel are cautioned that a
16 failure to discharge this duty may result in preclusion of the use
17 of the unfiled depositions or in the imposition of such other
18 sanctions as the Court deems appropriate.

19       B.   No later than twenty (20) court days before the trial
20 commencement date, counsel for each party shall serve on the other
21 parties a statement designating all answers to interrogatories and
22 all portions of depositions (except for passages to be used solely
23 for refreshing recollection, impeachment or rebuttal).  No later
24 than ten (10) court days before the trial commencement date,
25 counter-designations of other portions of these discovery documents
26 may be served.  No later than five (5) court days before trial, the
27 parties shall file and serve any preserved evidentiary objections
28 to any designated discovery, or said objections are waived.

XI.   <u>FURTHER DISCOVERY OR MOTIONS</u>

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference.  That order is confirmed.  The parties are, of course, free to conduct any additional discovery they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this Court.

XII.   <u>SETTLEMENT NEGOTIATIONS</u>

No settlement conference is scheduled in this matter.  If the parties believe that a settlement conference would be productive and facilitate resolution of this case, the parties may contact the Court.  If the Court schedules a settlement conference at the request of the parties, each party would be directed to have a principal with authority to settle the case on any terms present at the settlement conference.

In addition, each party would have to submit a settlement conference statement directly to the chambers of the settlement judge, five (5) court days prior to the settlement conference.  Such statements would not have to be filed with the clerk nor served on opposing counsel.  However, each would be required to notify the other party or parties that the statement was submitted to the judge's chambers.

XIII.   <u>AGREED STATEMENT</u>

The parties shall submit a short, jointly-prepared statement concerning the nature of this case that can be read to the jury at the commencement of trial.  The statement shall be provided to the Court no later than ten (10) court days before the commencement of trial.  If the parties fail to do this, they may be

required to give their respective opening statements before voir

dire.  Separate statements shall be submitted if agreement is not

reached.

XIV.  <u>JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS</u>

A.   Counsel are directed to confer and to attempt to

agree upon a joint set of jury instructions and verdict forms.

B.   All instructions, both general and specific, shall

be submitted in the exact numerical order counsel desires them

given to the jury and shall be tailored to the facts and issues in

suit.

The joint set of instructions and verdict forms shall be

filed with the court clerk fifteen (15) court days prior to the

date of the trial.  As to instructions on which there is dispute,

the parties shall adhere to the following procedure:  1) the party

offering the disputed instruction(s) shall submit the

instruction(s) as its proposed jury instructions, shall submit

authority in support of the proposed instruction(s) and shall

number the disputed instruction(s) in a manner that shows where

each disputed instruction should be placed in the tendered agreed

upon instructions.  The contested instruction(s) and supporting

authority shall be filed with the joint set of instructions fifteen

(15) court days prior to the date of the trial; 2) the party

opposed to the contested instruction(s) shall file opposing

authority ten (10) court days prior to the date of the trial.

C.   All instructions shall be, to the extent possible,

concise, understandable, and <u>neutral</u> statements of law.  They shall

be prepared in accordance with Local Rule 51-163.  Ninth Circuit

Pattern Instructions are preferred.

D.   It is the parties' responsibility to ensure that jury instructions are submitted on all issues preserved for trial in accordance with the schedule set forth above.   Pursuant to Local Rule 51-163, instructions not presented in accordance with this Order will be refused unless it is shown either (1) that the necessity for the request arose in the course of trial; the instructions could not reasonably have been anticipated prior to trial from the Final Pretrial Order; and the request for such additional instructions is presented to the Court as promptly as possible; or (2) that the refusal to give such instructions would constitute manifest injustice under Rule 16(e).

F.   Most of the examination of prospective jurors is conducted by the Court.   The parties are directed to meet and confer and attempt to agree upon a joint set of proposed voir dire questions.   These questions shall include any voir dire questions supplied by the Court that the parties believe are necessary.   The joint set of voir dire questions shall be filed with the Court fifteen (15) court days prior to the date of the trial.   Parties may also submit proposed voir dire questions which are disputed. Disputed voir dire questions shall be filed with the Court fifteen (15) court days prior to the date of the trial and shall be accompanied by an explanation as to the need for the question and supporting case authority when available.   The opposing party shall respond with reasons for the opposition and any supporting case authority no later than ten (10) court days prior to the date of trial.   Each side is granted fifteen (15) minutes to conduct voir dire following the Court's examination of prospective jurors.

1    G.   The parties shall file a joint verdict form

2 concurrently with proposed jury instructions fifteen (15) court

3 days prior to the commencement of trial.  See L.R. 51-163(e).  A

4 special verdict or interrogatories shall be included for all

5 factual disputes submitted to the jury that must be resolved before

6 questions of law can be decided, and for any other issue on which

7 specific responses are desired.  The verdict form shall be prepared

8 in accordance with Local Rule 51-163(e).  At the same time, where

9 disagreements exist, the parties shall explain the disagreement and

10 submit points and authorities supporting their respective

11 positions.

12    At the time of electronically filing the jury

13 instructions and verdict forms, counsel shall also submit a copy of

14 the sanitized joint jury instructions, the sanitized disputed jury

15 instructions, and the joint verdict forms to the Court by email to

16 geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).

17    XV.   USE OF STRUCK JURY SELECTION SYSTEM

18    Eight (8) jurors will be impaneled.  The "struck jury"

19 system will be used to select the jury.[8]  At the beginning of the

20 voir dire process, approximately eighteen prospective jurors,

21 randomly selected by the Jury Administrator, will be seated for

22 voir dire.  The order of the jurors' random selection is reflected

23 ────────────

24    [8]   As explained in United States v. Blouin, 666 F.2d 796,
798 (2d Cir. 1981), "the goal of the 'struck jury' system is to

25 whittle down an initially selected group . . . [to the amount of
jurors] who will serve as the petit jury."  The selected group

26 consists of the jurors who will hear the case, plus the number of
jurors required to enable the parties to use the combined number of

27 peremptory challenges allotted to both sides for striking jurors
from the group.  Typically extra jurors are included in the select

28 group in the event the minimum amount of jurors required for the
"struck system" is reduced "for cause" or some other reason.

by the order in which they will be seated.  The first randomly
selected juror will be in jury seat number one, which is at the
extreme right-hand side of the jury box in the top row as the jury
box is viewed from the well of the courtroom.  The eighth juror
will be in the eighth seat.  The ninth selected juror will occupy
the seat located at the extreme right-hand side of the jury box in
the bottom row.  The fifteenth seat will be in the left-hand side
of that row.  Three chairs will be placed in front of the jury box.
The sixteenth juror will occupy the seat on the right and the
eighteenth juror will occupy the seat on the left.  The first eight
(8) jurors on a list, which shall be given to counsel, will
constitute the petit jury unless one or more of those eight (8) is
excused for some reason.  Assuming that the first and fifth jurors
on the list are excused, the second listed juror becomes the first,
and the other jurors' numbers are changed accordingly, with the
ninth juror on the list becoming seventh on the list; however, the
jurors continue to be identified by their original numbers.

        Following the voir dire questioning, each side will take
turns exercising its three allotted peremptory strikes.  If a side
elects to pass rather than exercise a particular peremptory
challenge, that challenge is waived.

                          XVI.  TRIAL DATE

        Trial to a jury will commence on May 30, 2007.[9]  A trial
day will commence at 9:00 a.m. and will adjourn at approximately
4:30 p.m.  Each side has fifteen (15) minutes within which to make

---

        [9]   **The parties are required to meet and confer about the
length of the trial and to file a document no later than twenty
(20) court days before trial in which the length of trial is
estimated.**

an opening statement to the jury and sixty (60) minutes within
which to make a closing argument.  Counsel are to call Shani
Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to
trial to ascertain the status of the trial date.

XVII.  <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted ten (10) days from the date of this
Order to file an objection to same.  Each party's position on said
objection should be stated.  Any objection must specify the
requested correction, addition, and/or deletion.  If no objection
is filed, this Order will become final without further order of
this Court.

IT IS SO ORDERED.

Dated:  February 22, 2007

GARLAND E. BURRELL, JR.
United States District Judge